UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>LATISHA SHANNON COCHRAN, )<br>)<br>Defendant. ) | Case No. 2:14CR00003<br>CHIEF JUDGE HAYNES |

## ORDER OF FORFEITURE CONSISTING OF
## $370,044.23 UNITED STATES CURRENCY MONEY JUDGMENT

Based on the representations and agreements of the Government and Defendant Latisha Shannon Cochran at the plea hearing in this matter and as evidenced by the Plea Agreement entered into between the parties, the Court finds as follows:

**WHEREAS**, on July 25, 2014, the Government filed an Information charging Defendant Latisha Shannon Cochran, with violations of 18 U.S.C. § 657 (embezzlement by credit union employee).

**WHEREAS**, the forfeiture allegation of the Information gave notice pursuant to 18 U.S.C. § 982(a)(2) that upon conviction of embezzlement by credit union employee, Defendant Latisha Shannon Cochran shall forfeit any property constituting or derived from, proceeds she obtained directly or indirectly, as a result of the offense of conviction, including but not limited to a money judgment of at least $370,044.23, said amount representing the amount of proceeds she obtained as a result of the offense.

**WHEREAS**, the forfeiture allegation of the Information also gave notice to Defendant Latisha Shannon Cochran that in the event the $370,044.23 in proceeds, as a result of any act or omission of Latisha Shannon Cochran:

a. cannot be located upon the exercise of due diligence;
b. has been transferred or sold to, or deposited with, a third party;
c. has been placed beyond the jurisdiction of the court;
d. has been substantially diminished in value; or
e. has been commingled with other property that cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property, and it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of Defendant Latisha Shannon Cochran up to the value of said property listed above as subject to forfeiture.

**WHEREAS,** Defendant Latisha Shannon Cochran has entered into a Plea Agreement with the United States wherein she has pled guilty to the Information.

**WHEREAS,** Defendant Latisha further acknowledges in her Plea Agreement that $370,044.23 is subject to forfeiture because these funds constitute or are derived from, proceeds she obtained directly or indirectly, as a result of the offense of conviction and she consents to the entry of a money judgment prior to sentencing in the amount of $370,044.23;

**WHEREAS,** Defendant Latisha Shannon Cochran, via her Plea Agreement, acknowledges that as a result of her own act(s) or omission(s), the $370,044.23 in proceeds obtained as a result of the embezzlement by credit union employee as alleged in the Information, either cannot be located upon the exercise of due diligence; have been transferred or sold to, or deposited with, a third party; have been placed beyond the jurisdiction of the court; have been substantially diminished in value; or have been commingled with other property that cannot be divided without difficulty; and as a result, pursuant to 21 U.S.C. § 853(p), the United States is entitled to forfeiture of substitute property.

2

**WHEREAS**, Defendant Latisha Shannon Cochran, via her Plea Agreement agreed to cooperate fully regarding the discovery process, the release of the Presentence Report and tax returns to the United States Attorney's Office for the Middle District of Tennessee.

Now, therefore, based upon the signed Plea Agreement, this Court makes the following findings:

1. There is a preponderance of the evidence that the proceeds of the embezzlement by credit union employee as set forth in the offenses to which Defendant Latisha Shannon Cochran has pled guilty in this matter are $370,044.23.

2. $370,044.23 is subject to forfeiture because these funds constitute or are derived from, proceeds she obtained directly or indirectly, as a result of the offense of conviction as charged in the Information, and which constitutes or is derived from proceeds traceable to such violation.

3. As a result of Defendant Latisha Shannon Cochran's act(s) or omission(s), the $370,044.23 constitute or are derived from, proceeds she obtained directly or indirectly, as a result of the offense of conviction in proceeds obtained as a result of the embezzlement by credit union employee to which Defendant Latisha Shannon Cochran has pled guilty, either cannot be located upon the exercise of due diligence; have been transferred or sold to, or deposited with, a third party; have been placed beyond the jurisdiction of the court; have been substantially diminished in value; or have been commingled with other property that cannot be divided without difficulty; and as a result, pursuant to 21 U.S.C. § 853(p), the United States is entitled to forfeiture of substitute property up to $370,044.23.

NOW THEREFORE it is hereby **ORDERED, ADJUDGED AND DECREED** that:

A. An Order of Forfeiture Consisting of Money Judgment in the amount of $370,044.23 ("Order of Forfeiture") is hereby taken against Defendant Latisha Shannon Cochran as to the Information. Pursuant to Federal Rule of Criminal Procedure, Rule 32.2(b)(4), the Order of Forfeiture consisting of Money Judgment shall become immediately final as to the defendant, by her consent, and shall be made part of the sentence and included in the judgment. Pursuant to Rule 32.2(c)(1), ". . . no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

B. The United States may engage in discovery in the manner in which discovery is authorized by the Federal Rules of Civil Procedure in an action or claim for a debt to identify additional substitute assets having a value up to $370,044.23 as authorized by 28 U.S.C. §§ 3001(a)(1) and 3015 *et seq.* and by Federal Rule of Criminal Procedure, Rule 32.2(b)(3).

C. The United States Probation and Pretrial Services shall provide the Defendant's Presentence Report and all supporting documentation to the Asset Forfeiture Unit of the United States Attorney Office for use in discovery.

D. The Internal Revenue Service shall provide the Defendant's Tax Returns for the years 2003 through 2013 to the Asset Forfeiture Unit of the United States Attorney's Office for use in discovery.

E. The United States may, at any time, move pursuant to Rule 32.2(e) to amend this Order of Forfeiture consisting of $370,044.23 Money Judgment to include substitute property having a value not to exceed in total $370,044.23 United States currency to satisfy the Money Judgment in whole or in part.

F. Upon payment of the Money Judgment in full, the United States shall file a satisfaction of judgment with the District Court and the appropriate clerk of the county in which any transcript or abstract of the judgment have been filed.

G. Insofar as the Order of Forfeiture is not satisfied, and a sum of money is still owed, then Defendant shall remain personally liable pursuant to this Order of Forfeiture, which will continue in full effect until payment of the total amount of $370,044.23 plus statutory interest is made in full as to either money judgment.

H. The Court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

**IT IS SO ORDERED** this 26th day of September, 2014.

WILLIAM J. HAYNES, JR.
United States District Chief Judge